Slip Op 11-114

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| FUWEI FILMS (SHANGDONG) CO., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Leo M. Gordon, Judge <br><br> Consol. Court No. 11-00061 |

**MEMORANDUM and ORDER**

[Motion to amend complaint denied.]

Dated: September 8, 2011

Riggle and Craven (David J. Craven and David A. Riggle) for Plaintiff Fuwei Films (Shandong) Co., Ltd.

Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (David F. D'Alessandris); and Office of the Chief Counsel for Import Administration, U.S. Department of Commerce (Whitney Rolig), of counsel, for Defendant United States for Defendant United States.

Wilmer, Cutler, Pickering, Hale & Dorr LLP (Patrick J. McLain, David Moses Horn, and Ronald I. Meltzer) for Defendant-Intervenors' DuPont Teijin Films, Mitsubishi Polyester Film, Inc., and SKC, Inc.

Gordon, Judge:  Before the court is a motion by Plaintiff, Fuwei Films (Shandong) Co., Ltd. ("Fuwei"), to amend its complaint to add an additional claim challenging Commerce's zeroing methodology within administrative reviews, a request that Fuwei explains is motivated by two recent Federal Circuit decisions addressing Commerce's

zeroing methodology, <u>Dongbu Steel Co. v. United States</u>, 635 F.3d 1363 (Fed. Cir. 2011) and <u>JTEKT Corp. v. United States</u>, 642 F.3d 1378, 1383-84 (Fed. Cir. 2011).

USCIT Rule 15(a) provides that "a party may amend the party's own pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." USCIT R. 15(a). It is within the court's discretion to determine whether to grant leave to amend. <u>Former Employees of Quality Fabricating, Inc. v. United States</u>, 28 CIT 1061, 1065, 353 F. Supp. 2d 1284, 1288-89 (2004). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, . . . the leave sought should, as the rules require, be 'freely given.'" <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

The issue presented by Fuwei's motion, however, is less about the appropriateness of an amended complaint, and more about the issue of exhaustion of administrative remedies. Fuwei acknowledges that it did not challenge Commerce's zeroing methodology during the administrative proceeding. When reviewing Commerce's antidumping determinations, the U.S. Court of International Trade requires litigants to exhaust administrative remedies "where appropriate." 28 U.S.C. § 2637(d) (2006). "This form of non-jurisdictional exhaustion is generally appropriate in the antidumping context because it allows the agency to apply its expertise, rectify administrative mistakes, and compile a record adequate for judicial review-advancing the twin purposes of protecting administrative agency authority and promoting judicial efficiency." <u>Carpenter Tech. Corp. v. United States</u>, 30 CIT 1373, 1374-75, 452 F. Supp. 2d 1344, 1346 (2006) (citing <u>Woodford v. Ngo</u>, 548 U.S. 81, 88-90 (2006)). The

court "generally takes a 'strict view' of the requirement that parties exhaust their administrative remedies before the Department of Commerce in trade cases."  Corus Staal BV v. United States, 502 F.3d 1370, 1379 (Fed. Cir. 2007).

An important corollary requirement to exhaustion of administrative remedies is Commerce's own regulatory requirement that parties raise all issues within their administrative case briefs.  19 C.F.R. § 351.309(c)(2) (2010) ("The case brief must present all arguments that continue in the submitter's view to be relevant to the final determination."); Mittal Steel Point Lisas Ltd. v. United States, 548 F.3d 1375, 1383 (Fed. Cir. 2008) (parties are "procedurally required to raise the{ir} issue before Commerce at the time Commerce {is} addressing the issue"); see also 19 U.S.C. § 1677f(i)(3)(A) (2006) ("the administering authority shall include . . . an explanation of the basis for its determination that addresses relevant arguments, made by interested parties").  This requirement works in tandem with the exhaustion requirement and promotes the same twin purposes of protecting administrative agency authority and promoting judicial efficiency.

As noted, Plaintiff concedes that it did not raise the zeroing issue before Commerce.  Plaintiff nevertheless argues that at least one of two exceptions to the exhaustion requirement applies.  Plaintiff posits that the zeroing issue involves a "pure question of law."  That exception, however, only might apply for a clear statutory mandate that does not implicate Commerce's interpretation of the statute under the second step of Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-45 (1984).  See, e.g., Agro Dutch Indus. Ltd. v. United States, 508 F.3d 1024,

1032 (Fed. Cir. 2007) (applying pure question of law exception to <u>Chevron</u> step 1 issue).  Even when the statute is clear, however, it is always preferable to have the agency's interpretation of the statute it is entrusted to administer set forth on the administrative record.  <u>See</u> 2 Richard J. Pierce, Jr., ADMINISTRATIVE LAW TREATISE § 14.3 (5th ed. 2010) (describing the primary jurisdiction doctrine and its relationship to <u>Chevron</u>); <u>see also</u> <u>Agro Dutch</u>, 508 F.3d at 1029 n.4 (noting that Commerce had opportunity to, and did, put forth its interpretation on administrative record in two instances).  In this case the statute does not speak to the precise question of zeroing, but instead requires some interpretation to fill this statutory gap.  The court cannot on its own resolve the issue.  It is a <u>Chevron</u> step 2 issue; it requires the input of Commerce.  To address the problem, the court would first have to remand the issue to Commerce, an inefficiency occasioned solely by Plaintiff's inaction.  The pure question of law exception, therefore, cannot apply in this instance because its application would undermine the very purposes the exhaustion requirement is designed to promote.

Fuwei also argues that the futility exception should apply.  Fuwei, though, ignores Commerce's regulatory requirement that parties raise all issues within their administrative case briefs.  19 C.F.R. § 351.309(c)(2).  That provision carries the force of law and the court cannot simply ignore it.  "The mere fact that an adverse decision may have been likely does not excuse a party from satisfying statutory or regulatory requirements to exhaust administrative remedies."  <u>Tianjin Magnesium Int'l Co. v. United States</u>, 34 CIT ____, ____, 722 F. Supp. 2d 1322, 1330 (2010) (citing <u>Commc'ns Workers of Am. v. Am. Tel. & Tel. Co.</u>, 40 F.3d 426, 433 (D.C. Cir. 1994)).  Fuwei could

Consol. Court No. 11-00061                                                              Page 5

have raised its arguments about potential unreasonable inconsistencies in Commerce's

zeroing practice in its administrative case brief.   There was nothing preventing Fuwei

from asserting its rights at the administrative level.

Consider, for example, the plaintiff in <u>Dongbu</u>.   Commerce introduced its zeroing

methodology change after the time for the submission for case briefs had passed.

Plaintiff nevertheless submitted a letter challenging Commerce's zeroing practice as an

unreasonable interpretation of the dumping statute.   Had Fuwei asserted its rights with

equal vigor (as the regulations, and statute require), it would have created a record

suitable for judicial review.   Some form of perceived administrative obstinacy is no

excuse.   In fact, any intransigence on the agency's part would only aid the litigant in

demonstrating to the court the unreasonableness of the agency's position.

Unfortunately, Fuwei's failure to challenge zeroing before Commerce has left the

court without a record to review on this issue.   The court is therefore not inclined to

excuse the requirement that Fuwei have exhausted its administrative remedies in this

instance.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion for leave to amend its complaint is denied.

                                                              /s/ Leo M. Gordon
                                                          Judge Leo M. Gordon


Dated:   September 8, 2011
            New York, New York